UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELLIS RUSSELL SKINNER , <br><br>　　　　　　Petitioner, <br><br>　v. <br><br>KEITH YORDY, <br><br>　　　　　　Respondent. | Case No. 1:14-cv-00269-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

　　　　Petitioner Ellis Russell Skinner is an Idaho state prisoner proceeding pro se in this habeas corpus action. Petitioner challenges his Bingham County convictions for aggravated assault, aggravated battery, and two sentencing enhancements: (1) being a persistent violator, and (2) using a deadly weapon during the commission of the assault and battery.

　　　　On September 28, 2015, the Court conditionally granted Respondent's Motion for Summary Dismissal because all of the claims in the initial Petition were procedurally defaulted. (Dkt. 19.) However, the Court did not have sufficient information at that time to determine whether Petitioner should be allowed to amend his Petition to assert a single claim—a due process claim based on the prosecution's alleged failure to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*See*

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner's Motion for Permission to Amend, Dkt. 15, and Petitioner's proposed amended petition, Dkt. 16.) The Court noted that Petitioner's *Brady* claim might be procedurally defaulted or untimely and ordered supplemental briefing. (Dkt. 19.)

Having carefully reviewed the entire record, including the state court record and the parties' supplemental briefing (*see* Dkt. 28 & 29), the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order confirming its grant of Respondent's Motion for Summary Dismissal, denying Petitioner's Motion for Permission to Amend, and dismissing this case with prejudice.

## PETITIONER'S MOTION FOR PERMISSION TO AMEND

**1.     Standard of Law Governing Amendment of Petition**

The Federal Rules of Civil Procedure apply to habeas corpus proceedings to the extent that they are not inconsistent with established habeas practice and procedure. *See* Rule 12 of the Rules Governing Section 2254 Cases. Further, by statute, an application for habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading after briefing on dispositive motions only with written consent of the opposing party or leave of court. "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although public policy favors amendment, courts retain the discretion to deny leave to amend after considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended

**MEMORANDUM DECISION AND ORDER - 2**

his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). These factors need not be given equal weight, and futility of amendment alone can justify the denial of the request to amend. *Id.*

**2.     Amendment of the Petition Is Futile**

For the reasons that follow, Petitioner's Motion for Permission to Amend will be denied because amendment is futile.

*A.     Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845.

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER - 3**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### B.   *Petitioner's* **Brady** *Claim Is Procedurally Defaulted*

Petitioner raised his *Brady* claim in his successive state petition for postconviction relief, filed in July 2012. (State's Lodging C-1 at 18-19.) However, the state court dismissed this claim, as well as the rest of the successive petition, on the grounds that Petitioner had not shown a "sufficient reason," under Idaho Code § 19-4908, why the claim had not been included in Petitioner's *initial* state postconviction petition. (*Id.* at

**MEMORANDUM DECISION AND ORDER - 4**

256-59.) Petitioner appealed the dismissal, but the Idaho Supreme Court dismissed the appeal after Petitioner failed to file an opening brief. (State's Lodging D-2 & D-3.)

Petitioner's *Brady* claim is procedurally defaulted for two reasons: (1) the state district court dismissed the claim based on an adequate and independent state procedural rule: that all collateral challenges to a conviction or sentence must be raised in an initial postconviction proceeding absent a sufficient reason; and (2) regardless of the reason why the state district court dismissed the *Brady* claim, Petitioner did not fairly present that claim in the Idaho Supreme Court. Indeed, by failing to file an opening brief, Petitioner neglected to raise any claim at all to the state's highest court during his successive postconviction proceedings.

### C.  *Petitioner Has Not Shown Cause and Prejudice or Actual Innocence to Excuse the Procedural Default of His* **Brady** *Claim*

That Petitioner's *Brady* claim is procedurally defaulted does not end the inquiry as to whether amendment would be futile. The Court must next determine whether an adequate excuse for the default exists.

#### i.   Exceptions to the Procedural Default Bar

If a petitioner's claim is procedurally defaulted, a federal district court can hear the merits of the claim only if the petitioner meets one of two exceptions.

First, a petitioner may make a showing of adequate legal cause for the default and prejudice arising from the default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply

**MEMORANDUM DECISION AND ORDER - 5**

with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The second exception to procedural default applies where a petitioner demonstrates that a miscarriage of justice will occur if the habeas claim is not heard in federal court, which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit. This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

**MEMORANDUM DECISION AND ORDER - 6**

Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

        ii.        No Exception to the Procedural Default Bar Applies to Petitioner's *Brady* Claim

Petitioner does not assert that cause and prejudice exist to excuse the default of his *Brady* claim, although he does contend, briefly, that he is actually innocent. (Dkt. 28 at 14.) Petitioner claims that the transcripts of the proceedings and the original police reports (which were prepared "before there was time to rethink and rework a story") establish that, although there was a scuffle involving knives between Petitioner and the victim, "no-one actually saw [Petitioner] stab" the victim. (*Id.*) These self-serving contentions are a far cry from the "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" required to establish actual innocence. *See Schlup*, 513 U.S. at 324. Thus, Petitioner may not use the miscarriage of justice exception to excuse the procedural default of his *Brady* claim.

## CONCLUSION

The only claim Petitioner asserts in his proposed amended petition is a *Brady* claim that the prosecution failed to disclose the location of a witness. This claim is procedurally defaulted, and Petitioner has not established an adequate excuse for the default. Therefore, amendment would be futile.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

IT IS ORDERED:

1. The Court's confirms its conditional grant of Respondent's motion to dismiss. (*See* Dkt. 19.) The Motion for Summary Dismissal (Dkt. 9) is GRANTED.

2. Petitioner's request to strike Respondent's supplemental brief (contained in Dkt. 30) is DENIED.

3. Petitioner's Motion for Permission to Amend (Dkt. 15) is DENIED, and this entire action is DISMISSED with prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: February 29, 2016

B. Lynn Winmill
Chief Judge
United States District Court